IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**BELMON SMITH**                                                                                                 **PETITIONER**

**V.**                                    **CAUSE NO. 3:22-CV-00148-MPM-JMV**

**COMM. BURL CAIN**                                                              **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Belmon Smith for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred. Petitioner has failed to file a response and the time for doing so has passed. The matter is now ripe for resolution. For the reasons set forth below, Respondent's motion will be granted, and the instant petition will be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Factual and Procedural Background

Petitioner Belmon Smith is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Marshall County Correctional Facility located in Holly Springs, Mississippi. Doc. # 1. On March 23, 2018, Smith signed a Petition to Enter Plea of Guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), on the crime of sexual battery in the Circuit Court of Panola County, Mississippi.[1] *Id.* at 1; *see also* Doc. # 7-1. Subsequently, on March 28, 2018, the trial court entered an order sentencing Smith to serve thirty (30) years in the custody of MDOC to be followed by ten (10) years of Post-Release Supervision. Doc. # 7-2. Smith did not appeal his conviction or sentence because Mississippi statute does not permit direct appeals from a guilty plea. *See* Miss. Code Ann. § 99-35-101.

---

[1] Smith was originally indicted on two counts of sexual battery and one count of fondling a child, but those remaining counts were remanded to the files upon his entry of an *Alford* plea to one count of sexual battery. *See* Doc. #8-2, pp. 11-12; Doc. # 7-2, p.3.

More than two years later, Smith submitted a *pro se* "Motion for Post-Conviction Collateral Relief" which was stamped as "received" on June 18, 2020, and "filed" on December 4, 2020 in the Circuit Court of Panola County. Doc. # 8-4, p 4. 4-22. In that motion, Smith argued that his *Alford* plea was involuntarily and unintelligently entered due to his alleged diminished mental capacity. *See id*. He further asserted that trial counsel was ineffective in failing to request a mental evaluation. *Id*. The circuit court denied Smith's motion by order signed on December 14, 2020, and stamped as "filed" on December 16, 2020. Doc. # 7-3.

Smith, again proceeding *pro se*, appealed the circuit court's denial of post-conviction relief in his Notice of Appeal which was stamped as "filed" in the Mississippi Court of Appeals on February 1, 2021. Doc. # 8-2, pp. 9-10. In his appellate brief, Smith contended that the trial court should have conducted a competency hearing prior to accepting his *Alford* plea due to his alleged history of mental disorders and, consequently, the failure to do so rendered his plea involuntary. Doc. # 8-5, pp. 1-12; *see also* p.18 (appellee's brief summarizing issues raised by appellant). Smith did not assert his claim for ineffective assistance of trial counsel on appeal.

On May 10, 2022, the Mississippi Court of Appeals rejected Smith's assignments of error and affirmed the trial court's denial of post-conviction relief. Doc. # 7-4; *see also Smith v. State*, 338 So.3d 138 (Miss. Ct. App. 2022). Smith did not seek certiorari review with the Mississippi Supreme Court, and the mandate issued on May 31, 2022. Doc. # 7-5.

Smith signed the instant petition for federal habeas corpus relief on June 28, 2022, and it was "received" by this Court on July 20, 2022. Doc. # 1. On July 20, 2022, the Court entered an order directing the respondent to answer Smith's petition on or before October 3, 2022. Doc. # 4. On September 29, 2022, Respondent moved to dismiss Smith's petition with prejudice as untimely filed.

Doc. # 7. Smith failed to file a response and the time for doing so has passed. The matter is now ripe for resolution.

## Legal Standard

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion to dismiss should be granted turns on the statute's limitation period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

## Discussion

As noted above, by statute there is no direct appeal from a guilty plea in Mississippi. *See* Miss. Code Ann. § 99-35-101. The Fifth Circuit Court of Appeals recently held that a

3

Mississippi petitioner's guilty plea becomes final ninety (90) days after sentencing on his plea. *See Wallace v. Mississippi*, 43 F.4th 482, 497-501 (5th Cir. 2022). Smith's conviction, therefore, became final on June 26, 2018 (March 28, 2018 plus 90 days). *See id.* Thus, absent statutory or equitable tolling, Smith's federal habeas petition must have been filed on or before June 26, 2019, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Smith must have filed an application for post-conviction relief on or before June 26, 2019, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Smith filed a single motion for post-conviction relief which was stamped as "received" on June 18, 2020, and "filed" on December 4, 2020 in the Circuit Court of Panola County. The circuit court subsequently denied Smith's motion by order signed on December 14, 2020, and stamped as "filed" on December 16, 2020. As his application for post-conviction relief was not filed until June 18, 2020, almost one year *after* the federal limitations period had expired, Smith's instant federal habeas petition is not subject to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

Under the "mailbox rule," the Court considers Smith's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Smith signed the instant petition on June 28, 2022. *See* Doc. # 1, p. 20. Smith, therefore, filed the instant petition more than three years after the June 26, 2019, deadline for filing said petition. Consequently, the Court may review the merits of Smith's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would

warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). Smith has presented no arguments regarding equitable tolling, and the Court does not find equitable tolling of the limitations period to be warranted in this case.

In sum, Smith's petition is untimely, and Respondent's motion to dismiss should be granted.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Smith must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Smith must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

**Conclusion**

For the reasons set forth herein, the Court **GRANTS** Respondent's Motion to Dismiss [7] and **DISMISSES** with prejudice the petition [1] filed in this cause. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED** this, the 7th day of November, 2022.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI